against the premises Nos. 7 and 9 West Eighteenth street, New York City. The work was done under two separate contracts, the first of which was in writing, and called for work and materials in the amount of $1,050, and on which it is admitted the sum of $900 has been paid, leaving a balance of $150. The second was a verbal contract, on which it was agreed that $1,200 should be paid for the work to be done and the materials furnished thereunder. On the last contract it is admitted nothing has been paid. It is perfectly clear to us that there can be no recovery in the present action to enforce the lien for the balance due under the first contract, for the evidence is plain that the lien was not filed within the statutory time after the contract was fully completed and performed. It has been seen that the amounts claimed to be due are not in dispute. The only remaining question for us to determine is, was the lien filed within the time fixed by law, as far as the amount due on the second contract is concerned? We are forced to answer that question in the affirmative. An effort was made, as is disclosed by the evidence, to defeat the plaintiff's right to a lien by several conveyances of the property, so as apparently to confuse or mislead the plaintiff as to the real ownership, and the true situation of the same; and this should not be permitted to weigh against the claim and right of plaintiff in the premises. We are satisfied, from a careful examination of the record, that the work was not completed within the time alleged by the defendant, and that under the verbal or second contract the plaintiff acquired a good and sufficient lien upon the property by the filing of the notice on the 15th day of March, and which was fully within the period of 90 days after the completion of the work, as fixed by the statute. Having reached this conclusion, it follows that the judgment against the William J. Merritt Company for $1,350 should stand, and that the sum of $150, together with the interest which has been computed thereon and included in the amount of the judgment for the enforcement of the lien herein, should be deducted from the whole amount of such judgment, and as to the balance thus remaining the judgment should be affirmed, with costs.

O'DWYER, J., concurs.

———

KING et al., Appellants, v. ALBRIGHT, Respondent. (Supreme Court, Appellate Division, Fourth Department. February 16, 1900.) Action by Patrick F. King and another against Charles Albright. No opinion. Judgment of the county court affirmed, with costs.

———

KITZ v. BUCKMASTER. (Supreme Court, Appellate Division, Fourth Department. January 23, 1900.) Action by Matilda Kitz against John D. Buckmaster. No opinion. Motion for leave to appeal to the court of appeals denied, with $10 costs. See 61 N. Y. Supp. 64.

———

KLOCK, Appellant, v. KLOCK et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. January 23, 1900.) Action by Libbie M. Klock against Adam I. Klock and another. No opinion. Motion to dismiss appeal granted.

In re KRIEGER. (Supreme Court, Appellate Division, Fourth Department. February 6, 1900.) In the matter of the application of John Krieger for writ of habeas corpus. No opinion. Order of the special term dismissing proceedings affirmed.

———

KUBIE, Respondent, v. MILLER et al., Respondents (SMITH, Appellant.) (City Court of New York, General Term. March 2, 1900.) Action by Isaac Kubie against Miller Bros. & Co. and Alexander B. Smith as receiver. There was a default judgment in favor of plaintiff, and the receiver moved to vacate the same. From an order denying the motion the receiver appeals. Affirmed. Edgar J. Lauer, for appellant. M. G. Guyterman, for respondent Isaac Kubie.

PER CURIAM. Order appealed from affirmed, with $10 costs.

———

In re LASKY. (Supreme Court, Appellate Division, Second Department. January 9, 1900.) In the matter of the application of Samuel D. Lasky for admission to practice.

PER CURIAM. The applicant should produce a letter of recommendation from one of the judges of the highest court of law in Missouri, or furnish other satisfactory evidence of character and qualifications while practicing in that state, as required by rule 2 relating to the admission of attorneys and counselors.

———

LAVIN, Respondent, v. GAZETTE CO., Appellant. (Supreme Court, Appellate Division, Third Department. January 16, 1900.) Action by Julia Lavin against the Gazette Company. No opinion. Order affirmed, with costs. All concur, except SMITH, J., not voting.

———

LAWYERS' SURETY CO. v. KATZ et al. (Supreme Court, Appellate Division, First Department. February 16, 1900.) Action by the Lawyers' Surety Company against Blume Katz and another. No opinion. Motion granted, with $10 costs.

———

LEE, Respondent, v. METROPOLITAN ST. RY CO., Appellant. (Supreme Court, Appellate Term. February 8, 1900.) Action by Patrick Lee against the Metropolitan Street-Railway Company. From a judgment for plaintiff affirmed by general term (60 N. Y. Supp. 1141), defendant appeals. Affirmed. Henry A. Robinson, for appellant. William O. Miles, for respondent.

PER CURIAM. Judgment affirmed, with costs.

LEVENTRITT, J., takes no part.

———

In re LEGGAT. (Supreme Court, Appellate Division, Second Department. January 9, 1900.) In the matter of the application of Ophelia Leggat to punish William V. Molloy, sheriff of Westchester county, for contempt of court. No opinion. Order reversed, with $10 costs and disbursements, and proceedings dismissed, on opinion in Re Leggat (Sup.) 62 N. Y. Supp. 208.

———

LENT, Respondent, v. SHEEHAN, Appellant. (Supreme Court, Appellate Division, Second Department. January 30, 1900.) Action by Smith

Lent against Edward F. Sheehan. No opinion. Order affirmed, with disbursements, on opinion in Lent v. Ryder (Sup.) 62 N. Y. Supp. 400.

LENT, Respondent, v. UNDERHILL, Appellant. (Supreme Court, Appellate Division. Second Department. January 30, 1900.) Action by Smith Lent against Abram S. Underhill. No opinion. Order affirmed, with disbursements, on opinion in Lent v. Ryder (Sup.) 62 N. Y. Supp. 400,

In re LOCKLIN et al. (Supreme Court, Appellate Division, Fourth Department. January 23, 1900.) In the matter of the application of Josiah V. Locklin and others for an order restraining Michael J. Lee from unlawfully trafficking in liquors. No opinion. Order of the special term modified, by striking therefrom the provision as to costs, and, as thus modified, affirmed, without costs of this appeal to either party.

In re LOCKLIN et al. (Supreme Court, Appellate Division, Fourth Department. January 23, 1900.) In the matter of the application of Josiah V. Locklin and others for an order restraining Fred D. Woolett from unlawfully trafficking in liquors. No opinion. Order of the special term modified, by striking therefrom the provision as to costs, and, as thus modified, affirmed, without costs of this appeal to either party.

LOEWENBERGER, Appellant, v. FRANK, Respondent. (Supreme Court, Appellate Division, First Department. January 12, 1900.) Action by August Loewenberger against Samuel Frank. F. Wiener, for appellant. G. Ryall, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

LOHOFF v. VILLAGE OF BROCKPORT. (Supreme Court, Appellate Division, Fourth Department. January 30, 1900.) Action by Elizabeth Lohoff against the village of Brockport. PER CURIAM. Plaintiff's exceptions sustained, and motion for a new trial granted, with costs to the plaintiff to abide the event. Held that the question of defendant's negligence and the absence of the plaintiff's contributory negligence should have been submitted to the jury.

LOWENBERGER v. FRANK. (Supreme Court, Appellate Division, First Department. February 16, 1900.) Action by August Lowenberger against Samuel Frank. No opinion. Motion denied, with $10 costs.

LYMAN, Respondent, v. CITY TRUST & SAFE-DEPOSIT & SURETY CO. OF PHILADELPHIA, Appellant. (Supreme Court, Appellate Division, Fourth Department. February 6, 1900.) Action by Henry H. Lyman, as commissioner of excise, etc., against the City Trust & Safe-Deposit & Surety Company of Philadelphia, impleaded, etc. No opinion. Order affirmed, with costs.

LYMAN, Respondent, v. ERIE COUNTY ATHLETIC CLUB, Appellant. (Supreme Court, Appellate Division, Fourth Department.

February 6, 1900.) Action by Henry H. Lyman, as state commissioner, etc., against the Erie County Athletic Club. No opinion. Motion for leave to appeal to the court of appeals granted, and questions certified in accordance with the stipulation of attorneys. See 61 N. Y. Supp. 884.

McCARTY, Appellant, v. ALBANY COUNTY BANK, Respondent. (Supreme Court, Appellate Division, Third Department. January 8, 1900.) Action by Mary E. McCarty against the Albany County Bank. No opinion. Reargument ordered.

McCOBB v. CHRISTIANSON. (Supreme Court, Appellate Division, First Department. February 16, 1900.) Action by Ada McCobb against Simon Christianson. No opinion. Motion denied, with $10 costs. See 59 N. Y. Supp. 187; Id. 303; 61 N. Y. Supp. 1141.

McCONNELL et al., Appellants, v. VILLAGE OF NORTH TARRYTOWN, Respondent. (Supreme Court, Appellate Division, Second Department. February 2, 1900.) Action by Ira W. McConnell and another against the village of North Tarrytown. No opinion. Order affirmed, with $10 costs and disbursements.

McDONALD v. METROPOLITAN ST. RY. CO. (Supreme Court, Appellate Division, First Department. February 16, 1900.) Action by Grace McDonald, as administratrix, against the Metropolitan Street-Railway Company. No opinion. Motion denied, with $10 costs. See 61 N. Y. Supp. 817.

McKEE, Respondent, v. LAVERY, Appellant. (Supreme Court, Appellate Division, Second Department. January 16, 1900.) Action by Adelia E. McKee against Ann Lavery, as executrix, etc. No opinion. In striking out the award of costs to the plaintiff, it was not the intention of the court to disallow her disbursements. Order resettled, so as to direct the modification of the judgment, "by striking therefrom the award of costs, but not the disbursements." See 58 N. Y. Supp. 990.

McLEAN, Appellant, v. F. E. McALLISTER CO. et al., Respondents. (Supreme Court, Appellate Division, First Department. January 12, 1900.) Action by Donald McLean, as receiver, against the F. E. McAllister Company and others. A. Ritchie, for appellant. D. Thornton, for respondents. No opinion. Order affirmed, with $10 costs and disbursements. See 57 N. Y. Supp. 1097.

MANAHAN v. NEW YORK CENT. & H. R. R. CO. (Supreme Court, Appellate Division, Fourth Department. January 23, 1900.) Action by George H. Manahan against the New York Central & Hudson River Railroad Company. No opinion. Exceptions overruled, and motion for a new trial denied, with costs, and judgment ordered for the defendant, with costs.

MANN v. BENEDICT. (Supreme Court, Appellate Division, Third Department. January 23, 1900.) Action by Phœbe M. Mann, an in-